# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREY DWAYNE DORSEY,<br><br>                Plaintiff,<br><br>  vs.<br><br>CATHOLIC HEALTHCARE WEST MERCY HOSPITAL AND MEDICAL CENTER,<br><br>                Defendant. | CASE NO. 12cv2567-LAB (KSC)<br><br>**ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**ORDER *SUA SPONTE* DISMISSING COMPLAINT WITH PREJUDICE; AND**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

On October 22, 2012, Plaintiff filed a complaint alleging an injury on the job and employment termination, supposedly in violation of the Americans with Disabilities Act. Plaintiff also filed a motion for leave to proceed *in forma pauperis* (IFP) and for appointment of counsel.

The motion to proceed IFP that Plaintiff is without funds to pay the required filing fee, and is therefore **GRANTED**.

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant

immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).  The current iteration of 28 U.S.C. § 1915(e)(2) mandates that the court reviewing a Complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez*, 203 F.3d 1127; see also  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

As currently pleaded, the Court finds Plaintiff's Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief can be granted as presently articulated. The complaint alleges that Plaintiff's injury and wrongful termination occurred in early to mid-1995. The applicable statute of limitations for personal injury claims, and for disability discrimination claims in California is one year. *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002). This means Plaintiff's claim is time-barred by over 16 years.

The Court also takes notice that Plaintiff has filed two other suits in this District against the same Defendant, 10cv2264-JAB (CAB), *Dorsey v. Catholic Health Care West Mercy Hospital & Medical Ctr.* and 10cv2001-JAH (POR) *Dorsey v. Catholic Health Care West Mercy Hospital*, both of which were dismissed.

The complaint is **DISMISSED WITH PREJUDICE**.  The motion for appointment of counsel is **DENIED AS MOOT**. The Court certifies that no appeal from this order would be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

DATED: November 29, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge